IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTE WALTER ROBINSON             *
                                  *
v.                                *   Criminal No. CCB-14-0568
                                  *   Civil No. CCB-18-685
UNITED STATES OF AMERICA
                              *******

# MEMORANDUM

Pending before the court is Donte Robinson's motion to vacate under 28 U.S.C. § 2255. (ECF 50), to which the government has responded (ECF 58), and to which Robinson has replied (ECF 59, 60, 61, 62[1]).  The motion concerns a probation before judgment ("PBJ") Robinson received in state court which was used to classify him as a career offender under the Sentencing Guidelines.  The PBJ has since been expunged, and Robinson argues that in light of the expungement, he is no longer a career offender under the Guidelines and must be resentenced.[2]

In January 2015, Robinson pled guilty to a two-count information charging him with conspiracy to distribute five kilos or more of cocaine and Hobbs Act robbery.  (ECF 1, ECF 4). Because of his three prior state court convictions, (a 1998 conviction for possession with the intent to distribute cocaine; a 2003 conviction for first degree burglary; and the PBJ for a 2004 conviction for distribution of heroin), Robinson was a career offender with a corresponding guideline range of 262 to 327 months.  (ECF 11, Presentence Investigation Report, par. 32, 51).  Under the plea agreement, however, the parties agreed that a sentence of 120–180 months was appropriate. (ECF 6, Plea Agreement).  The court sentenced Robinson to 168 months.  (ECF 17, Judgment).

---

[1] Robinson's motion to supplement (ECF 62) will be granted.
[2] In his supplemental reply (ECF 60), Robinson argues that the court should reconsider its ruling denying Robinson's first motion to vacate based on the recent Fourth Circuit decision in *United States v. Winbush,* 922 F.3d 227 (4th Cir. 2019).  This court's prior ruling, which Robinson already appealed, does not run afoul of *Winbush*, which held that a court cannot substitute one conviction for another in sustaining a petitioner's career offender status when the substituted conviction was not identified as a predicate offense at sentencing.  *Id.* at 230–31.  This court did not substitute any convictions, because the 2004 PBJ was a basis for Robinson's career offender status at sentencing.

1

Robinson first filed for habeas relief on November 30, 2015, (ECF 19), arguing ineffective assistance of counsel for failing to challenge his career offender designation under *United States v. Henriquez*, 757 F.3d 144, 146 (4th Cir. 2014), which held that Maryland first-degree burglary is not a crime of violence. The court, in its October 13, 2016, memorandum, (ECF 36), held that Robinson was a career offender based on his two prior drug convictions, and Robinson had not shown any prejudice since he was sentenced well below the career offender range of 262–327 months.

Robinson petitioned for expungement of his PBJ via Article 27, Maryland Code ¶ 735(c), which is now Md. Code Ann., Crim. Proc. § 10-101, *et seq.* (*See* ECF 50 at 20, Petition to Expunge Conviction). The basis for expungement was that Robinson had successfully completed (i.e. had not violated) the probation order. (*Id.*). Under Maryland law, a PBJ may be expunged three years after the probation was granted or after discharge of the probation (whichever is later) if no other crime except a minor traffic violation has been committed in those three years. Md. Code Ann., Crim. Proc. § 10-105(c)(2), (e)(4)(i). The order of expungement was granted February 14, 2017. (ECF 50 at 24, Order for Expungement of Records). Robinson moves for a reopening of his federal sentence based on this expungement.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Therefore, "the district court must determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds."

*United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). A petitioner who successfully challenges an underlying conviction used for a sentencing enhancement may move to reopen his federal sentence. *United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003).

The U.S. Sentencing Guidelines provides that "[s]entences for expunged convictions are not counted[.]" U.S. Sentencing Guidelines Manual § 4A1.2(j). Although the Guidelines do not define "expunge," its meaning is clarified in comment 10 to § 4A1.2, which states that "[a] number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted." In contrast, comment 6 to § 4A1.2 provides that "[s]entences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted."

The majority of Courts of Appeals to consider the issue have found that "expungement within the meaning of the Guidelines's structure is best determined by considering whether the conviction was set aside because of innocence or errors of law." *United States v. Nelson*, 589 F.3d 924, 925 (8th Cir. 2009) (quoting *United States v. Dubovsky*, 279 F.3d 5, 8 (1st Cir. 2002)). Similarly, other courts in this circuit have found that "a conviction is 'expunged', for purposes of U.S.S.G. § 4A1.2(j), only if the expungement is related to reasons of innocence or errors of law." *See United States v. Hairston*, 152 F. Supp. 2d 894, 897 (N.D.W. Va. 2001). Here, Robinson's expungement was based on the fact that he successfully completed probation, not on any fundamental errors with the underlying proceedings. *See In re Dione W.*, 243 Md. App. 1, 3 (2019)

("Under § 10-105 of the Criminal Procedure Article, a court has no discretion to deny the remedy of expungement if a person has demonstrated his or her statutory entitlement to it."). Although the Fourth Circuit does not appear to have spoken directly to the issue,[3] it is likely that Robinson's expungement is not an "expungement" within the meaning of the Sentencing Guidelines.

But the court need not reach the issue because, even if Robinson's expungement is an "expungement" within the meaning of the Sentencing Guidelines, Robinson's habeas petition still must be denied. In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the petitioner was designated as a career offender based in part on a prior North Carolina conviction. *Id.* at 933. The career offender designation was correct at the time Foote was sentenced, but a subsequent Fourth Circuit decision overruled prior law so that the North Carolina conviction no longer qualified as a career offender predicate. *Id.* at 934–35. On the petitioner's §2255 motion, the Fourth Circuit held that the "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice" warranting habeas relief. *Id.* at 940. This was because the petitioner did not show actual innocence of the prior crime (even though it no longer qualified as a career offender predicate), he was sentenced under an advisory Guidelines scheme, and the incorrect career offender designation was not "fundamental" as to justify relief. *Id.* at 940–43.

This is in contrast to the district court's decision in *United States v. Thomas*, where the petitioner was granted coram nobis relief from his prior conviction. No. CR ELH-10-082, 2019 WL 2904652, at *5 (D. Md. July 5, 2019). In order to obtain coram nobis relief in Maryland, the petitioner must be able to "legitimately challenge the conviction on constitutional or fundamental

---

[3] In an unpublished opinion, the Fourth Circuit favorably cited *United States v. Hines*, *see United States v. Centeno,* 145 F.3d 1326, 1998 WL 279555 at *1 (4th Cir. 1998), in which the Tenth Circuit held that an expungement under Arkansas law was not an expungement under the Sentencing Guidelines, because the "conviction was not expunged for reasons related to constitutional invalidity, innocence, or errors of law." *Hines,* 133 F.3d 1360, 1366 (10th Cir. 1998). The parties have not cited to, and the court is not aware of, any published Fourth Circuit opinion resolving whether a state expungement for reasons not related to constitutional invalidity, innocence, or errors of law is an expungement under the Sentencing Guidelines.

4

grounds." *Parker v. State*, 160 Md. App. 672, 677 (2005).  The district court distinguished *Foote*, because Thomas's prior conviction was vacated, and Thomas's sentence was "clearly enhanced . . . based on his status as a career offender" *Thomas*, 2019 WL 2904652, at *12–13.

Robinson's expungement differs from the coram nobis relief in *Thomas*, because coram nobis relief requires a showing of constitutional or fundamental error in the underlying conviction. *See United States v. Pettiford*, 612 F.3d 270, 274, 276 (4th Cir. 2010) (case in which the state vacated two of petitioner's state court convictions pursuant to his coram nobis petition, and the Fourth Circuit stated it "has concluded that sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated.").  Here, Robinson's prior conviction has not been vacated.  Rather, Robinson's PBJ has been expunged ("remove[d] . . . from public inspection" Md. Code Ann., Crim. Proc. § 10-101(d)), because he successfully completed his probation.  As in *Foote*, Robinson's habeas petition is not based on actual innocence of the previous offense, and Robinson was sentenced under an advisory guidelines scheme.  In fact, although the guidelines range for Robinson was 262–327 months, the parties agreed in the plea agreement that 120–180 months was appropriate, and Robinson was sentenced to 168 months — well below the guidelines range.  Therefore, Robinson has not shown that the career offender designation, even if now erroneous, was a fundamental defect justifying habeas relief because it does not appear to have enhanced his sentence.

In his supplemental to his motion to vacate, Robinson cites to *United States v. Aviles*, 938 F.3d 503, 514 (3d Cir. 2019), in which the Third Circuit held that the defendant's Maryland drug conviction under Md. Crim. Code § 5-602 was not a "felony drug offense" ("an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic

steroids, or depressant or stimulant substances," *id.* at 511 (quoting 21 U.S.C. § 802(44)), pursuant to the Controlled Substances Act. *Id.* at 514. This was because "the Maryland statute covers a broader set of substances than the federal definition of 'felony drug offense.'" *Id*. First, it is not clear if Robinson's prior drug convictions were based on § 5-602, but, regardless, the Third Circuit was analyzing whether a § 5-602 conviction was a "felony drug offense" under the Controlled Substances Act, 21 U.S.C. § 841(b), not whether it was a "controlled substance offense" for the purposes of career offender designation.[4] *See Chambers v. United States*, No. CR RDB-07-0286, 2019 WL 2552239, at *7 (D. Md. June 20, 2019) ("As this language closely tracks the Guidelines definition, this Court has recently held that convictions under § 5-602 may serve as predicate offenses for purposes of a career offender designation.").

Accordingly, the motion to supplement (ECF 62) will be granted, and the motion to vacate (ECF 50) will be denied. No certificate of appealability will issue. A separate order follows.

  8/25/20  
Date

                    /S/                    
Catherine C. Blake  
United States District Judge

---

[4] Per the Sentencing Guidelines, "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 4B1.2.(b).