IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-14-0568 |
| DONTE ROBINSON, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM

Now pending is a motion for compassionate release filed by retained counsel on behalf of Donte Robinson (ECF 85, 87), superseding his previous pro se motion (ECF 79). Mr. Robinson argues that he was sentenced as a career offender, a designation that would no longer apply, and that various health conditions render him more susceptible to the Covid virus. Both claims have been exhausted, the government has responded to the motion (ECF 91), and Mr. Robinson has replied (ECF 95) and filed a supplement (ECF 96). All have been considered. For the reasons that follow, the motion will be granted.

An unfortunate ambiguity was introduced early in this case. On December 3, 2014, the government filed an information charging Mr. Robinson with possession with intent to distribute 5 kilograms of cocaine (Count One), citing 21 U.S.C. § 841(a), and Hobbs Act robbery (Count Two). (ECF 1). On January 13, 2015, Mr. Robinson pled guilty: He waived indictment for the 841(a) charge (ECF 5) but pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, a violation of § 846, not § 841, and Hobbs Act robbery. The plea letter was prepared by the government. (ECF 6). It cited 21 U.S.C. §§ 841(a)(1) and 846 and included the elements of conspiracy. (*Id.*). The base offense level for Counts One and Two together, after a 3-level reduction for acceptance of responsibility, was anticipated to be a level 34. (*Id.*). No mention was made of a

career offender status. The parties agreed that a sentence of between 120 and 180 months was reasonable considering all the factors under 18 U.S.C. § 3553(a). (*Id.*).

A presentence investigation report (PSR) was prepared before sentencing. (ECF 11). The PSR identified Count One as possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(A). Mr. Robinson was determined to be a career offender because the drug conspiracy and the Hobbs Act robbery were felonies, consisting of a controlled substance offense and a crime of violence, and Mr. Robinson had two prior convictions for a crime of violence or a controlled substance offense. PSR ¶ 32.

At sentencing, the PSR was adopted without objection. (Sent. Tr., ECF 29, at 2:19–3:7) (sealed). The government argued for a 180-month sentence; the defense argued for 120 months. Judge Quarles, apparently attempting to fit the parties' recommended sentence into the career offender guidelines range of 262–327 months set forth in the PSR at ¶ 92, asked the government how many levels downward should be applied. After discussion, the government moved for a four-level downward departure, resulting in a range of 168–210 months. (Sent. Tr., ECF 29, at 7:13–8:8). Judge Quarles imposed a sentence of 168 months on Count One and 120 months on Count Two, concurrent. (Jmt., ECF 17). The Judgment and Commitment Order describes Count One as a conspiracy but cites to 21 U.S.C. § 841(a)(1).

Mr. Robinson filed two motions to vacate under 28 U.S.C. § 2255 (ECF 19 & 50), both of which were denied. (ECF 37 & 68). The court also denied his motion for reconsideration of the first § 2255 denial. (ECF 39 & 40). The denials were upheld on appeal. (ECF 45 & 77).

The current motion for compassionate release followed.

To support a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a), the defendant must show an "extraordinary and compelling" reason for release. If he does so, the court

then considers "the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023). The burden is on the defendant to show that the 3553(a) factors support release. *United States v. Centeno-Morales*, 90 F4th 274, 279 (4th Cir. 2024).

The court first will address the career offender issue, which Mr. Robinson contends increased his guidelines range and thereby his sentence. For a defendant to qualify as a career offender, the instant offense must be a controlled substance offense or a crime of violence, and the defendant must have at least two prior convictions for a controlled substance offense or crime of violence. U.S.S.G. § 4B1.1(a). When any ambiguities are resolved in favor of Mr. Robinson, it appears that he was convicted by his guilty plea of a conspiracy charge, which no longer qualifies as a controlled substance offense. *United States v. Norman*, 935 F.3d 232, 237–38 (4th Cir. 2019).[1] While the government and defense reached an agreement for a recommended sentence without relying on the career offender guidelines (ECF 6), by the time of sentencing, the career offender range clearly influenced the ultimate sentence. Without the enhancement, and with a four-level downward departure, Mr. Robinson would have been at level 27, criminal history VI, and his guidelines range would have been 130–162, more in line with the defense request for a 120-month sentence.[2] This difference in the guidelines range is substantial and is sufficient to constitute an extraordinary and compelling reason for compassionate release.

Turning to the section 3553(a) factors, the two offenses, armed robbery of a pharmaceutical delivery truck and distribution of more than five kilograms of cocaine, are certainly serious. On

---

[1] Hobbs Act robbery is no longer a crime of violence. *United States v. Green*, 996 F.3d 176, 178 (4th Cir. 2021).

[2] The court notes, but does not find it appropriate to resolve in connection with this motion, defense counsel's argument for an additional two-level downward adjustment. (ECF 87, at 7).

the one hand, the need for just punishment and to promote respect for the law argue against a substantial reduction in Mr. Robinson's sentence. On the other hand, he has served almost ten years with no infractions and has participated in many rehabilitative programs while incarcerated. (ECF 87, at 22). His offenses were committed in 2010 and 2011. Prior to his arrest in 2014, Mr. Robinson had voluntarily participated in substance abuse treatment and secured legitimate employment. ECF 87, at 20; ECF 29, at 15:5–17:25. His exemplary performance since that time and his current age of 46 lessen the likelihood of recidivism.[3] Considering all the arguments advanced by the government and the defense, the court concludes that a reduction in sentence to time served plus 14 days, followed by the five-year period of supervised release imposed in the Judgment and Commitment Order (ECF 17 at 3), is warranted. A separate Order follows.

Date:   November 6, 2024                                BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge

---

[3] While the court does not find that Mr. Robinson's health conditions in themselves constitute an extraordinary and compelling reason, his health may be considered as part of the section 3553(a) analysis.